IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODRICK D. BOYKIN** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. _____** |
| v. | § | |
| | § | |
| **VERIZON BUSINESS NETWORK** | § | |
| **SERVICES, LLC** | § | **(JURY DEMANDED)** |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Rodrick D. Boykin ("Plaintiff" or "Boykin") files this Complaint against Verizon Business Network Services, LLC ("Defendant" or "Verizon") for the following reasons:

## I.
## INTRODUCTION

1. This suit is brought pursuant to 29 U.S.C. § 2601, *et seq.*, the Family and Medical Leave Act ("FMLA"), due to Defendant's intentional retaliation against Plaintiff for taking approved and qualified leave. Plaintiff seeks, among other things, compensatory and punitive damages, attorney's fees and costs as permitted by law.

## II.
## PARTIES

2. Plaintiff is a Texas citizen residing in the Southern District of Texas.

3. Defendant Verizon Business Network Services, LLC is a Delaware Corporation authorized to do business in Texas with its principal corporate offices believed to be either P.O. Box 627 Basking Ridge, NJ 07920-0627 or 899 Heathrow Park Lane 02-2135, Lake Mary, FL

32746. Verizon can be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900 Dallas, TX 75201, or wherever it/he/she may be found.

### III.
### JURISDICTION AND VENUE

5. This Court has jurisdiction over the lawsuit because the suit arises under the FMLA, 29 U.S.C. § 2601, *et seq.*

6. Venue is proper in the Southern District of Texas because the acts giving rise to Plaintiff's claims occurred in this District.

7. This Court possesses federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1343.

### IV.
### PROCEDURAL REQUISITES & CONDITIONS PRECEDENT

8. Exhaustion of any administrative remedies or submission of Plaintiff's claims to the EEOC for pre-trial consideration is not required to pursue claims under the FMLA, 29 U.S.C. § 2601, *et seq.*

9. All conditions precedent have been performed or have occurred.

### V.
### FMLA

10. Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by Defendant Verizon for at least 12 months and for at least 1,250 hours of service during the preceding 12-month period.

11. Defendant Verizon is an employer within the meaning of the FMLA, is engaged in commerce or in an industry or activity affecting commerce, and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

12. Plaintiff was entitled to 12 work weeks of leave during the period of January 27, 2021 to February 1, 2021 because of Covid-19, a serious health condition that involved medical care by a health-care provider and made Plaintiff unable perform the functions of his position.

13. Plaintiff gave Defendant Verizon such notice as was practicable under unforeseen circumstances. Defendant Verizon did not dispute Plaintiff's request for FMLA leave and approved Plaintiff's time off from work as FMLA leave.

14. Defendant intentionally discriminated and retaliated against Plaintiff for taking FMLA leave. Specifically, Plaintiff was terminated from his employment on February 8, 2021.

15. Plaintiff had been employed at Verizon for approximately sixteen (16) years in a sales function. During his tenure, Plaintiff generated substantial revenue for Verizon and always met his sales quotas. In 2020, Plaintiff's sales quota was $880,000. However, Verizon failed to recognize two of Plaintiff's sales for 2020 which would have taken Plaintiff above his required annual sales quota. Ultimately, Plaintiff was replaced by a younger employee with significantly less experience and this inexperienced employee was assigned Plaintiff's client base/territory.

16. Defendant provided no legitimate non-discriminatory reason(s) for Plaintiff's termination from employment. Rather, Defendant's purported reasons for termination were pretextual.

## VI.
## JURY DEMAND

17. Plaintiff demands a jury trial.

## VII.
## DAMAGES

18. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff was discharged from employment with Defendant. Although Plaintiff has diligently sought other employment, he has been unable to find a job a comparable play. In addition, Plaintiff has incurred expenses in seeking other employment.

    b.    Plaintiff has lost employment benefits. Specifically, cancellation of health benefits plan.

    c.    Plaintiff suffered loss of his pension or retirement benefits.

    d.    Plaintiff seeks compensation for all lost wages and benefits including loss of Social Security benefits. Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an aware of front pay and retirement benefits to compensate him.

    e.    Defendant did not act in good faith and did not have a reasonable belief that its conduct was not a violation of 29 U.S.C. §2615. Therefore, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA.

## VIII.
## ATTORNEY FEES & COSTS

19.    Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

## IX.
## PRAYER

20.    For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a.    Back pay, front pay, and compensatory damages;

    b.    Prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees;

    c.    Reasonable attorney fees;

    d.    Costs of suit;

e. All other relief the Court deems appropriate.

Respectfully submitted,

**THE VILLACORTA LAW FIRM, P.C.**

*/s/ Adrian V. Villacorta*
**Adrian V. Villacorta**
State Bar No. 24003111
Federal Bar No. 31243
6230 Wister Lane
Houston, Texas 77008
Telephone: (832) 865-7940
Facsimile: (832) 201-7469
Email: avillacorta@avv.com

**THE ODOM LAW FIRM**

Harold A. "Al" Odom
State Bar No. 15201100
Federal Bar No. 12913
Email: aodom@aodomlawfirm.com
601 Sawyer Street, Suite 225
Houston, Texas 77007
Telephone: (713) 357-5153
Facsimile: (713) 588-8437

**ATTORNEYS FOR PLAINTIFF**